Pennington, J.
Observed, that admitting that an action of debt could be maintained on a sentence or decree of the • Orphans’ Court, and declared on as such, and that the proceedings were in every other respect regular, which he much doubted, yet he could not perceive from the declaration of the plaintiff below, in [*] what manner John Dickinson, the defendant below, was answerable for the demand of Brick. The, decree of the Orphans’ Court ascertains, it is true, that a sum of money is due to William Brick; but from whom is it due? The record is silent. It does not appear from the record, that John Dickinson was a party before the Orphans’ Court; and if not, how could a judgment be rendered against him there; nor does the record show a judgment or decree against him; he does not appear to be the representative of his father, Thomas Dickinson, and so liable in that capacity.
*270 Pennington, J.
It is stated that the money is due in both capacities; can you strike out one and leave the other ? if you strike the whole of the additions out, how do you connect the plaintiff with the defendant at all ? But suppose it could be done as you say. It would appear then by the record that a sum of money was due to the estate of the plaintiff’s intestate, which money was due to the intestate as testamentary guardian to the defendant; it would not, even in that case, follow that the defendant below was responsible for the money; it might have been advanced by the direction of the testament creating the guardianship, and the estate of Thomas Dickinson, yet liable.
The court took time till the next day to look into [*] and examine the case; and then gave an unanimous opinion that the declaration was sufficient to maintain an action.
Judgment reversed.